PROB 22
(Rev 12/06)

**TRANSFER OF JURISDICTION**

FILED
JAN 11-20-07
NOV 2 0 2007

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

DOCKET NUMBER *(Tran. Court)*
2:99CR00066-002

DOCKET NUMBER *(Rec. Court)*

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE: | DISTRICT | DIVISION |
|---|---|---|
| Charles Kenison Hill | EASTERN DISTRICT OF VIRGINIA | Norfolk |

RECEIVED
OCT 0 1 2007
U.S. PROBATION OFFICE
CHICAGO, ILLINOIS

NAME OF SENTENCING JUDGE

The Honorable Jerome B. Friedman

| DATES OF PROBATION/SUPERVISED RELEASE: | FROM August 24, 2007 | TO August 23, 2012 |
|---|---|---|

OFFENSE

07CR    704    MAGISTRATE JUDGE COX
JUDGE JOAN H. LEFKOW

Conspiracy to Distribute and Possess with Intent to Distribute Cocaine and Cocaine Base, Commonly Known as "Crack"

## PART 1 - ORDER TRANSFERRING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE <u>EASTERN DISTRICT OF VIRGINIA</u>

    IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of the Court to the United States District Court for the NORTHERN DISTRICT OF ILLINOIS upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this Court.*

_9/24/07_
Date

_Jerome B. Friedman_
United States District Judge

*This sentence may be deleted in the discretion of the transferring Court.

## PART 2 - ORDER ACCEPTING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE <u>NORTHERN DISTRICT OF ILLINOIS</u>

    IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

OCT 2 3 2007
Effective Date

_James F. Holderman_
United States District Judge

FILED

NOV 2 0 2007

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT



**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**219 SOUTH DEARBORN STREET**
**CHICAGO, ILLINOIS 60604**

MICHAEL W. DOBBINS                                                              312-435-5698

**October 31, 2007**

Mr. Fernando Galindo, Clerk
United States District Court
114 Walter E. Hoffman
United States Courthouse
600 Granby Street
Norfolk, VA 23510-1915

Dear Clerk:

**Re:  2:99CR00066-002 - USA v. Charles Kenison Hill - Judge Jerome B. Friedman**

Our Case Number:   07 CR 704 - Northern District of Illinois

Enclosed is a certified copy of the Probation Form 22, Transfer of Jurisdiction, regarding, which has been accepted and assumed by this Court in the Northern District of Illinois, Eastern Division.

Please forward a certified copy of the indictment/information, judgment and docket along with  the enclosed copy of this letter to the United States District Court at the above address.  Your prompt attention to this matter is greatly appreciated.

Sincerely,

Michael W. Dobbins
Clerk

by:   _____
Marsha E. Glenn
Deputy Clerk

Enclosure

APPEAL, CLOSED

# U.S. District Court
## Eastern District of Virginia (Norfolk)
## CRIMINAL DOCKET FOR CASE #: 2:99-cr-00066-JBF-2
### Internal Use Only

Case title: USA v. Felton            Date Filed: 04/14/1999
Magistrate judge case number: 2:99-mj-00116     Date Terminated: 12/14/1999

Assigned to: District Judge Jerome B. Friedman

## Defendant

**Charles Kenison Hill** (2)
*TERMINATED: 12/15/1999*
*also known as*
"Chucky" (2)

represented by **Joseph Barry McCracken**
Law Offices of J. Barry McCracken
500 E Plume St
Suite 405
Norfolk, VA 23510
(757) 626-1309
Fax: (757) 622-3630
Email: jbmatty@yahoo.com
*TERMINATED: 04/28/1999*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
Designation: CJA Appointment

**Rodolfo Cejas, II**
PO Box 5731
Chesapeake, VA 23324
(757) 625-0443
Email: rcejasII@peoplepc.com
*TERMINATED: 12/15/1999*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
Designation: CJA Appointment

## Pending Counts

T.21:846 (21:841A=ND.F) - Conspiracy to distribute & possess with intent to distribute cocaine & a mixture & substance containing cocaine base, commonly known as "crack" - Sch. II (re: T.21:841(a)(1) (date offense

## Disposition

One Hundred and Fifteen (115) Months Imprisonment, reduced per order of 3/16/01; Five (5) Years Supervised Release. $100.00 Special Assessment.

concluded: 4/14/99)
(1)

| | |
|---|---|
| T.21:841(a)(1) & T.18:2 (21:841A=ND.F) - Possess with intent to distribute a mixture & substance containing cocaine base, commonly known as "crack" cocaine - Sch. II (date offense concluded as to Ct.2: 12/97 & 1/98; as to Ct. 6: 12/10/98) (2) | Dismissed on the Government's Motion |
| T.21:841(a)(1) & T.18:2 (21:841A=ND.F) - Possess with intent to distribute cocaine - Sch. II (date offense concluded: 12/10/98) (4) | Dismissed on the Government's Motion |
| T.21:841(a)(1) & T.18:2 (21:841A=ND.F) - Possess with intent to distribute a mixture & substance containing cocaine base, commonly known as "crack" cocaine - Sch. II (date offense concluded as to Ct.2: 12/97 & 1/98; as to Ct. 6: 12/10/98) (6) | Dismissed on the Government's Motion |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| None | |

| **Plaintiff** | | |
|---|---|---|
| **USA** *TERMINATED: 04/14/1999* | represented by | **Laura Marie Everhart** United States Attorney's Office 101 W Main St Suite 8000 Norfolk, VA 23510 |

(757) 441-6331
Fax: (757) 441-6689
Email: laura.everhart@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/12/1999 | 1 | COMPLAINT as to Charles Kenison Hill, executed and filed. [ 2:99-m -116 ] (evan) (Entered: 03/12/1999) |
| 03/12/1999 | | ARREST WARRANT issued as to Charles Kenison Hill and delivered to the U. S. Marshal [ 2:99-m -116 ] (evan) (Entered: 03/12/1999) |
| 03/29/1999 | 2 | ARREST WARRANT Returned Executed as to Charles Kenison Hill on 3/29/99 [ 2:99-m -116 ] (glen) (Entered: 03/30/1999) |
| 03/29/1999 | | Initial appearance as to Charles Kenison Hill held Preliminary Examination & detention hearing set for 9:30 4/1/99 before Magistrate Judge William T. Prince ( Tape 2833, Pts. 730-901) USA appeared through: Laura Everhart, AUSA (Defendant informed of rights.) Counsel desired. Deft. sworn - finan. affid. exec. & filed in open court. Court dir. appt. of cnsl. Govt. motion for detention -- GRANTED. TEMPORARY DETENTION ORDERED. Deft. remanded to custody of marshal. (Hours: 10 mins.) [ 2:99-m -116 ] (glen) (Entered: 03/30/1999) |
| 03/29/1999 | 3 | CJA 23 FINANCIAL AFFIDAVIT by Charles Kenison Hill filed in open court [ 2:99-m -116 ] (glen) (Entered: 03/30/1999) |
| 03/30/1999 | 4 | CJA 20 as to Charles Kenison Hill Appointment of Attorney Joseph Barry McCracken Voucher # 0972549 ( Signed by Magistrate Judge William T. Prince ) [ 2:99-m -116 ] (glen) (Entered: 03/30/1999) |
| 03/30/1999 | | (Court only) **Added Government Attorney Laura Marie Everhart [ 2:99-m -116 ] (glen) (Entered: 03/30/1999) |
| 03/30/1999 | 5 | ORDER OF TEMPORARY DETENTION as to Charles Kenison Hill Detention Hearing set for 9:30 4/1/99 for Charles Kenison Hill ( Signed by Magistrate Judge William T. Prince ) [ 2:99-m -116 ] (glen) (Entered: 03/30/1999) |
| 04/01/1999 | | Detention & preliminary hearing as to Charles Kenison Hill held before Magistrate Judge William T. Prince (Tape 2833, Pts. 3060-3625; 2834,Pts. 1-2714) U.S. Atty appeared thru Laura Everhart, AUSA Dft appeared through: Barry McCracken, Esq. Court finding probable cause. Deft. held to district court for grand jury. DETENTION ORDERED. Court to prepare an order. Deft. remanded to custody of marshal. (Court Hours: 9:30-11:31) [ 2:99-m -116 ] (glen) (Entered: 04/01/1999) |

| | | |
|---|---|---|
| 04/02/1999 | 6 | ORDER OF DETENTION as to Charles Kenison Hill ( Signed by Magistrate Judge William T. Prince ), filed. [ 2:99-m -116 ] (evan) (Entered: 04/02/1999) |
| 04/14/1999 | 7 | INDICTMENT RETURNED & FILED IN OPEN COURT as to Leroy Felton (1) Counts 1, 3, 5, 7 & Charles Kenison Hill (2) Counts 1, 2, 4 & 6. On motion of the Govt., Court directed the Clerk's Office to notify counsel of arraignment set for 4/28/99 at 9:00 a.m. (Preliminary Examination cancelled.) (popo) (Entered: 04/15/1999) |
| 04/14/1999 | | (Court only) **Added Government Attorney Laura Marie Everhart (popo) (Entered: 04/15/1999) |
| 04/14/1999 | | Arraignment as to Leroy Felton & Charles Kenison Hill set for 9:00 on 4/28/99 for Leroy Felton & Charles Kenison Hill (popo) (Entered: 04/15/1999) |
| 04/14/1999 | | Arraignment Notice as to Leroy Felton & Charles Kenison Hill mailed to Jesse E. Demps, J. Barry McCracken, Laura Everhart, AUSA & PTSO (popo) (Entered: 04/15/1999) |
| 04/28/1999 | | Minute entry as to Charles Kenison Hill: Came on for arraignment before Magistrate Judge Tommy E. Miller (Sue Ash, OCR). USA appeared Laura Everhart, AUSA. Dft. present in custody appeared through: J. Barry Mccracken, c.a. counsel. Court removed c.a. counsel J. Barry McCracken from the case & directed the Clerk to appoint new counsel. Arraignment dropped down to 3:00 p.m. today. Court Hours: 9:00 to 9:28 (.5) (popo) (Entered: 04/28/1999) |
| 04/28/1999 | | Arraignment as to Charles Kenison Hill held before Magistrate Judge Tommy E. Miller (Tape: 2846, Pts. 1257-1369). USA appeared through Laura Everhart, AUSA. Dft. present in custody appeared through Rodolfo Cejas, c.a. Dft. waived formal arraignment. Dft. plead not guilty. Jury demanded. Motion Filings due 5/10/99 for Charles Kenison Hill; Government's Response to Motions due 5/21/99 for USA; Jury Trial set for 10:00 on 6/8/99 for Charles Kenison Hill. Court stated that dft. must be present at prel. hearings unless he executes & files waiver of appearance form (dft. to be present). Dft. remanded. Court Hours: 3:00 to 3:03 (.1) (popo) (Entered: 04/29/1999) |
| 04/28/1999 | | ORAL ORDER as to Charles Kenison Hill terminated attorney Joseph Barry McCracken for Charles Kenison Hill (Mr. McCracken did not have trial date available) (Entered by Magistrate Judge Tommy E. Miller in open Court on 4/28/99). (popo) (Entered: 04/29/1999) |
| 04/28/1999 | 8 | CJA-20 as to Charles Kenison Hill - Appointment of Attorney Rodolfo Cejas II - Voucher #0972574 (Signed by Magistrate Judge Tommy E. Miller on 4/28/99). Dist. (popo) (Entered: 04/29/1999) |
| 04/28/1999 | 9 | ORDER as to Charles Kenison Hill for Pre-trial Discovery (Signed by Magistrate Judge Tommy E. Miller on 4/28/99) & filed in open Court. cc |

| | | |
|---|---|---|
| | | to AUSA & Dft's Counsel (popo) (Entered: 04/29/1999) |
| 05/11/1999 | | Plea Agreement Hearing as to Charles Kenison Hill set for 2:00 5/12/99 for Charles Kenison Hill (popo) (Entered: 05/11/1999) |
| 05/12/1999 | | Plea Agreement Hearing as to Charles Kenison Hill held before Judge Jerome B. Friedman (Sue Ash, OCR). USA appeared through: Laura M. Everhart, AUSA. Dft. present in custody appeared through: Rodolfo Cejas, c.a. Dft. requested to withdraw plea of not guilty to Count 1 and enter a plea of guilty to said Count. Dft. sworn. Court fully advised dft. re proceedings and his rights & dft. acknowledged he understood. Court explained to dft. that by pleading guilty he waived jury trial. Dft. satisfied with services of counsel. Court Hours: 2:00 to 2:35 (.6) (popo) (Entered: 05/13/1999) |
| 05/12/1999 | 10 | Plea Agreement as to Charles Kenison Hill filed in open Court (popo) (Entered: 05/13/1999) |
| 05/12/1999 | | PLEA entered by Charles Kenison Hill. Court accepts plea by Charles Kenison Hill Guilty: Charles Kenison Hill (2) Count 1. Court finds dft. guilty as charged in Count 1. Continued for PSR. Remaining counts to be dismissed at later time. Court explained to dft. that by pleading guilty he waived his right of appeal pursuant to the plea agreement. Court explained to dft. that by pleading guilty he waived the right to challenge the conviction or sentence or manner in which such sentence was determined in any collateral attack including a Motion brought under T.28:2255. Dft. remanded. (popo) (Entered: 05/13/1999) |
| 05/12/1999 | | Sentencing set for 9:15 on 8/6/99 for Charles Kenison Hill (2) Count 1 (popo) (Entered: 05/13/1999) |
| 05/13/1999 | 11 | **TRANSPORTATION ORDER as to Charles Kenison Hill (Signed by Magistrate Judge Tommy E. Miller). cc AUSA; USM; Dft's Counsel. (popo) (Entered: 05/14/1999) |
| 08/03/1999 | 12 | MOTION by Charles Kenison Hill to Continue the Sentencing Hearing (popo) (Entered: 08/03/1999) |
| 08/04/1999 | 13 | ORDER as to Charles Kenison Hill granting [12-1] motion by Charles Kenison Hill to Continue the Sentencing Hearing as to Charles Kenison Hill (2) & directing counsel to obtain a new sentencing date at the conclusion of the co-defendant's trial (Signed by Judge Jerome B. Friedman on 8/4/99) & filed on 8/4/99. cc to Counsel, AUSA, PTSO, P.O. & Calendar Clerk. (popo) (Entered: 08/05/1999) |
| 08/09/1999 | | (Court only) **Terminated deadlines (popo) (Entered: 08/09/1999) |
| 12/14/1999 | | Sentencing held before Judge Jerome B. Friedman (Sue Ash, OCR). USA appeared through: Laura Everhart, AUSA. Dft(s) appeared (in custody) through: Rodolfo Cejas, II, ca counsel. Charles Kenison Hill (2) count(s) 1. Defts. motion for downward departure - granted. Court Hours: .5 (Entered: 12/14/1999) |

| | | |
|---|---|---|
| 12/15/1999 | 14 | JUDGMENT Charles Kenison Hill (2) Count 1: One Hundred Eighty-Eight (188) Months Imprisonment. Five (5) Years Supervised Release. $100.00 Special Assessment. Charles Kenison Hill (2) Counts 2, 4 & 6 Dismissed on the Government's Motion. Court recommends to the BOP that the dft. be incarcerated at a facility as close to his home residence as possible. The Court recommends to the BOP that the dft. be incarcerated at a facility that has the best substance abuse program. Standard conditions of supervised release apply along with the following additional conditions: The dft. shall not incur new credit card charges or open additional lines of credit without the approval of the P.O. The dft. shall provide the P.O. with access to requested financial information. The dft. shall refrain from any unlawful use of a controlled substance & submit to one drug test within 15 days of release on supervised release and at least two periodic drug tests thereafter, as dir. by the P.O. The dft. shall participate in a program approved by the P.O. for substance abuse, which program may include residential treatment & testing to determine whether the dft. has reverted to the use of drugs or alcohol, with partial cost to be paid by the dft., all as dir. by the P.O. The dft. shall participate in a mental health program as dir. by the P.O. The dft. shall pay child support as dir. by any Court or competent jurisdiction or by any division of Child Support Enforcement. Special Assessment is due in full immediately & may be subject to penalties for default & delinquency. Dft. notified of right of appeal. Court noted that dft. waived right of appeal in the plea agreement. Dft. remanded. (Signed by Judge Jerome B. Friedman on 12/15/99) & filed on 12/15/99. Copies dist. (popo) (Entered: 12/16/1999) |
| 12/15/1999 | | (Court only) **Termination of party Charles Kenison Hill pending deadlines and pending motions as to Charles Kenison Hill (popo) (Entered: 12/16/1999) |
| 02/07/2000 | 15 | Judgment returned executed as to Charles Kenison Hill on 1/18/00 - dft. delivered to FCI Cumberland, MD (popo) (Entered: 02/07/2000) |
| 11/13/2000 | 16 | MOTION by USA as to Charles Kenison Hill by USA for Reduction of Sentence for Changed Circumstances (Govt. requests motion be taken under advisement) (popo) (Entered: 11/14/2000) |
| 11/14/2000 | 17 | ORDER taking the Government's Motion for Reduction of Sentence filed on 11/13/00 UNDER ADVISEMENT until 3/14/01 as to Charles Kenison Hill (Signed by Judge Jerome B. Friedman on 11/14/00) & filed on 11/14/00. cc to Laura Everhart, AUSA & Rodolfo Cejas, Esq. (popo) (Entered: 11/15/2000) |
| 11/14/2000 | | (Court only) Suspense Deadline as to Charles Kenison Hill set for 3/14/01 (Govt's Supplemental Motion for Reduction received? - send file to Judge) (popo) (Entered: 11/15/2000) |
| 12/22/2000 | | CASE assigned to Judge Jerome B. Friedman (scar) (Entered: 12/27/2000) |
| 12/22/2000 | | (Court only) **Case closed as to defendants: Leroy Felton, Charles Kenison Hill (scar) (Entered: 12/27/2000) |

| | | |
|---|---|---|
| 12/22/2000 | | Disposal Record (scar) (Entered: 12/27/2000) |
| 01/10/2001 | | (Court only) **Terminated deadline (popo) (Entered: 01/10/2001) |
| 02/05/2001 | | Paper Exhibits Returned to USA - received by Laura Everhart, AUSA on 1/30/01 (popo) (Entered: 02/05/2001) |
| 03/16/2001 | 18 | ORDER/AMENDED JUDGMENT: Charles Kenison Hill (2) count(s) 1: Reducing deft's sentence from 188 months imprisonment to One Hundred and Fifteen (115) Months Imprisonment. In all other respects, the original sentence imposed by the Court on 12/15/99 remains in effect; entered and filed 3/16/01 (Signed by Judge Jerome B. Friedman) Copies mailed: 3/16/01; ob (arou) (Entered: 03/16/2001) |
| 08/31/2001 | | (Court only) **Terminated document as to Charles Kenison Hill: [16-1] motion by USA for Reduction of Sentence for Changed Circumstances as to Charles Kenison Hill (2) (popo) (Entered: 08/31/2001) |
| 02/20/2002 | | (Court only) **Terminated deadline (popo) (Entered: 02/20/2002) |
| 08/12/2003 | | Case filed archived in Federal Records Center (tlev) (Entered: 08/11/2004) |
| 11/17/2003 | | Case filed retrieved from Federal Records Center (ptho) (Entered: 02/25/2004) |
| 02/13/2004 | | (Court only) Suspense Deadline as to USA set for 3/15/04 (return paper exhibits if no appeal) (popo) (Entered: 02/13/2004) |
| 03/18/2004 | | (Court only) Suspense Deadline as to USA set for 3/24/04 govt's response to motion to rectify sentence due. (they) (Entered: 03/18/2004) |
| 03/26/2004 | | Case filed returned to Federal Records Center Charles Kenison Hill (ptho) (Entered: 03/26/2004) |
| 07/16/2004 | 71 | Copy of Opinion of USCA re: 65-1 appeal affirming, by unpublished per curiam, the District Court decision; attached copy of judgment will not take effect until issuance of the mandate. (04-4141) (ptho) (Entered: 07/16/2004) |
| 06/02/2005 | 🌑 | Terminate Deadlines and Hearings as to Leroy Felton, Charles Kenison Hill: (they, ) (Entered: 06/02/2005) |
| 11/05/2007 | 🌑82 | Probation Jurisdiction Transferred to Northern District of Illinois as to Charles Kenison Hill Transmitted Transfer of Jurisdiction form, with certified copies of indictment, judgment and docket sheet. Mailed certified copies 11/13/07(ldab, ) (Entered: 11/13/2007) |
| 11/07/2007 | 🌑 | CASE FILE REQ FM ARCHIVES 11/07/07 (sablan, pedro) (Entered: 11/07/2007) |

AO 91 (Rev. 5/85) Criminal Complaint

FILED

MAR 1 2 1999

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

# United States District Court

**EASTERN**     **DISTRICT OF**     **VIRGINIA**

**NORFOLK DIVISION**

UNITED STATES OF AMERICA

v.

**CRIMINAL COMPLAINT**

**Charles Kenison Hill**
**a/k/a "Chucky"**

CASE NUMBER: 2:99 m 116

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my

knowledge and belief. On or about and between _8/98 through 12/10/98_ in _the City of Norfolk, Virginia_, in the

_____ Eastern _____ District of ___ Virginia _____ defendant(s) did, (Track Statutory Language of Offense)

**unlawfully, knowingly, and intentionally conspire to distribute cocaine and cocaine base,**
**Schedule II Narcotic Controlled Substances**

in violation of Title _____ 21 _____ United States Code, Section(s) ___ 846 ___ .

I further state that I am a(n) _Special Agent, Federal Bureau of Investigation_ and that this complaint is based on the
following facts:

Official Title

**See Attached Affidavit**

Continued on the attached sheet and made a part hereof: ☒ Yes    ☐ No

_Patricia G. Coureas_
Signature of Complainant

Patricia G. Coureas
Special Agent
Federal Bureau of Investigation

A TRUE COPY, TESTE:
CLERK, U.S. DISTRICT COURT

By _____
DEPUTY CLERK

Sworn to before me and subscribed in my presence,

_Mar. 12, 1999_     at     _Norfolk, Virginia_
Date                              City and State

WILLIAM T. PRINCE

UNITED STATES MAGISTRATE JUDGE
Name & Title of Judicial Officer

_William T. Prince_
Signature of Judicial Officer

I, Patricia G. Coureas, am a Special Agent of the FBI in
Norfolk, Virginia, and have been so employed for the past fifteen
years.  I make this affidavit in support of arrest warrants for
Leroy Felton, aka Joe Nelson Felton, a black male, date of birth,
November 24, 1944, Social Security Account (SSAN) 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, and
Charles Kenison Hill, aka "Chucky", a black male, date of birth,
March 29, 1980, Social Security Account (SSAN) 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, for
violation of a Federal drug law, to wit, Title 21, U.S. Code,
Section 846, Conspiracy to Distribute Narcotics.  I base this
affidavit on an investigation conducted by myself, the Norfolk,
Virginia, Police Department (NPD), Vice and Narcotics Unit, and
other state law enforcement investigators whose reports I have
reviewed.

In late November, 1998, the NPD, Vice and Narcotics Unit,
began receiving information in reference to the distribution of
cocaine and cocaine base by several black males.  The information
received was that these individuals were storing large quantities
of marijuana, cocaine and cocaine base in addition to weapons at
2416 Hale Street, Apt. #1, located in the City of Norfolk,
Virginia; and further these same black males were distributing
cocaine and cocaine base from 2406 Hale Street located in the
City of Norfolk.

Further investigation by NPD, Vice and Narcotics Unit,
included surveillance which revealed that the subjects alleged to
be distributing cocaine and cocaine base were observed walking
repeatedly from 2406 Hale Street, Norfolk, Virginia, to 2416 Hale
Street, Apt. #1, Norfolk, Virginia, and returning back again to

2406 Hale Street, Norfolk, Virginia.  Both male and female subjects were observed entering the residence located at 2406 Hale Street, Norfolk, Virginia, and departing that residence after a short period of time.

A review of utility records revealed that an individual identified as Joe N. Felton, date of birth, December 24, 1941, Social Security Account 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, resides at 2406 Hale Street, Norfolk, Virginia  23504.  Further law enforcement record checks revealed that Joe N. Felton is identical to an individual named Leroy Felton, date of birth, November 24, 1944, Social Security Account 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, residing at 2406 Hale Street, Norfolk, Virginia.  Therefore, it can be concluded that Leroy Felton uses an alias of Joe N. Felton.

On December 10, 1998, members of the NPD, Vice and Narcotics Division, executed two simultaneous search warrants, one at 2406 Hale Street, Norfolk, Virginia, and the other at 2416 Hale Street, Apartment #1, Norfolk, Virginia, after a controlled purchase of cocaine from 2406 Hale Street, Norfolk, Virginia, was made by a confidential informant.  During the execution of this warrant, Leroy Felton, also known as Joe N. Felton, was arrested inside the residence at 2406 Hale Street, Norfolk, Virginia.

Felton stated to Norfolk Police investigators that on or about August, 1998, he rented the two apartments located at 2406 Hale Street and 2416 Hale Street, Apartment #1, Norfolk, Virginia, for two black males he knew as "Fats" and " Black".  Felton advised that the individual known as "Fats" wanted the apartment located at 2416 Hale Street, Apartment #1  to use to

"cook" and "stash" his crack cocaine. The term "cook" is used to describe the method of converting powder cocaine to cocaine base and the term "stash" is used to describe where an individual stores the powder cocaine and cocaine base.

Felton further advised that he, "Fats", "Black", and "Chucky" also known as Charles Kenison Hill would take cocaine from 2416 Hale Street, Apartment #1 to 2406 Hale Street where they would sell crack cocaine to customers who visited that residence. Felton advised that he knew that there were guns in the residence located at 2416 Hale Street, Apartment #1, because he had a key to the apartment and had access to the weapons.

During the execution of the simultaneous search warrants on December 10, 1998, at 2406 Hale Street and 2416 Hale Street, Apartment #1, Norfolk, Virginia, Charles Kenison Hill , also known as "Chucky", was arrested inside the residence at 2406 Hale Street, Norfolk, Virginia.  Charles Kenison Hill advised that he is eighteen years old and resides at 2924 Tidewater Drive, Apt. B, Norfolk, Virginia  23509.

Law enforcement record checks revealed that the individual identified as Charles Kenison Hill resides at 2924 Tidewater Drive, Apt. B, Norfolk, Virginia and has date of birth, March 29, 1980, Social Security number 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.

Hill stated to Norfolk Police investigators that he has been selling crack cocaine from the residence located at 2406 Hale Street for about six months.  Hill further stated that he makes about $500.00 each month selling crack cocaine.  Hill stated that he buys the crack cocaine from two individuals known as "Fats"

and "Black" and sells the crack cocaine for himself.

On December 10, 1998, the NPD, Vice and Narcotics Division, executed search warrants at 2406 Hale Street and 2416 Hale Street, Apartment #1, Norfolk, Virginia. At that time, 494 grams of cocaine base, 759 grams of cocaine, 177 grams marijuana, $8,319.00 United States currency, one .32 caliber Titanic revolver bearing serial number A91127, one .45 caliber Colt pistol bearing serial number SF02780E and one Intratec Automatic 9mm pistol bearing serial number AO20385 were recovered from 2416 Hale Street, Apt. #1, Norfolk, Virginia.

Based on the foregoing, your affiant has concluded that there exists probable cause to believe that from approximately August, 1998, to December 10, 1998, Leroy Felton and Charles Kenison Hill unlawfully, knowingly and intentionally conspired to distribute cocaine and cocaine base in the Eastern District of Virginia in violation of Title 21, U. S. Code, Section 846.

This affidavit has been reviewed for legal sufficiency by Assistant United States Attorney Laura M. Everhart.

Reviewed: _____
                Assistant United States Attorney


_____
Patricia G. Coureas
Special Agent, FBI

Subscribed and sworn to before me this 12th day of Mar , 1999,
in the City of Norfolk, Virginia.


_____

United States Magistrate Judge

FILED
IN OPEN COURT

APR 1 4 1999

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Norfolk Division

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 2:99cr 66 |
| v. | 21 U.S.C. § 846 Conspiracy to Distribute and Possess With Intent to Distribute Cocaine and Cocaine Base, Commonly Known as "Crack" (Count 1) |
| LEROY FELTON, a/k/a "Joe Nelson Felton" (Counts 1, 3, 5, 7) | |
| CHARLES KENISON HILL a/k/a "Chucky" (Counts 1-2, 4, 6) | 21 U.S.C. § 841(a)(1) 18 U.S.C. § 2 Possession With Intent to Distribute and Distribution of Cocaine and Cocaine Base, Commonly Known as "Crack" (Counts 2-7) |
| | 21 U.S.C. § 853 Criminal Forfeiture |

INDICTMENT

April, 1999 Term - - at Norfolk, Virginia

COUNT ONE

THE GRAND JURY CHARGES THAT:

From in or about December 1997, the exact date being unknown
to the grand jury, and continuously thereafter up to and
including the date of this indictment, in the Eastern District of
Virginia and elsewhere, LEROY FELTON, a/k/a "Joe Nelson Felton"
and CHARLES KENISON HILL, a/k/a "Chucky", defendants herein, did
unlawfully, knowingly and intentionally combine, conspire,
confederate and agree with each other and with other persons both

known and unknown to the grand jury to commit the following offenses:

1.   To knowingly, intentionally and unlawfully distribute cocaine, a Schedule II narcotic controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

2.   To knowingly, intentionally and unlawfully possess with intent to distribute cocaine, a Schedule II narcotic controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

3.   To knowingly, intentionally and unlawfully distribute a mixture and substance containing cocaine base, commonly known as "crack," a Schedule II narcotic controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

4.   To knowingly, intentionally and unlawfully possess with intent to distribute a mixture and substance containing cocaine base, commonly known as "crack," a Schedule II narcotic controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

<u>OVERT ACTS</u>

In furtherance of the conspiracy and to accomplish the purposes thereof, the following overt acts, among others, were committed in the Eastern District of Virginia and elsewhere:

1.   In or about and between December 1997 and January 1998, at Norfolk, Virginia, CHARLES KENISON HILL possessed with intent to distribute a quantity of a mixture and substance containing cocaine base, commonly known as "crack" cocaine.

2

2.    In or about and between December 1997 and February 1998, CHARLES KENISON HILL and an unindicted coconspirator distributed cocaine and a mixture and substance containing cocaine base, commonly known as "crack" cocaine from a house on Verdun Avenue in the City of Norfolk.

3.    On or about July 13, 1998, in the Eastern District of Virginia, LEROY FELTON applied for and received a Virginia Operator's License using the name Joe Nelson Felton and a false Social Security Number.

4.    In or about July 1998, LEROY FELTON leased a house in the City of Norfolk using the name Joe N. Felton, for the purpose of facilitating the distribution of narcotics.

5.    In or about August 1998, LEROY FELTON leased an apartment in the City of Norfolk for the purpose of facilitating the distribution of narcotics.

6.    On or about August 24, 1998, in the Eastern District of Virginia, LEROY FELTON purchased a 1987 Nissan Maxima using proceeds from the sale of narcotics.

7.    On or about November 13, 1998, in the Eastern District of Virginia, LEROY FELTON purchased a 1990 Mazda MPV Van using proceeds from the sale of narcotics.

3

8.    On or about December 10, 1998, at Norfolk, Virginia, LEROY FELTON and CHARLES KENISON HILL possessed with intent to distribute approximately 751.29 grams of cocaine, approximately 501.83 grams of a mixture and substance containing cocaine base, commonly known as "crack", approximately 176.61 grams of marijuana, and possessed $8,319.00 in United States Currency and three firearms.

9.    On or about December 10, 1998, at Norfolk, Virginia, LEROY FELTON distributed a quantity of a mixture and substance containing cocaine base, commonly known as "crack" cocaine.

(All in violation of Title 21, United States Code, Section 846).

## COUNT TWO

THE GRAND JURY FURTHER CHARGES THAT:

In or about December 1997 and January 1998, at Norfolk, Virginia, in the Eastern District of Virginia, CHARLES KENISON HILL, a/k/a "Chucky", defendant herein, did unlawfully, knowingly and intentionally possess with intent to distribute a quantity of a mixture and substance containing cocaine base, commonly known as "crack" cocaine, a Schedule II narcotic controlled substance.

(In violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2).

4

## COUNT THREE

THE GRAND JURY FURTHER CHARGES THAT:

On or about December 10, 1998, at Norfolk, Virginia, in the Eastern District of Virginia, LEROY FELTON, a/k/a "Joe Nelson Felton", defendant herein, did unlawfully, knowingly and intentionally possess with intent to distribute 751.29 grams of cocaine, a Schedule II narcotic controlled substance.

(In violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2).

## COUNT FOUR

THE GRAND JURY FURTHER CHARGES THAT:

On or about December 10, 1998, at Norfolk, Virginia, in the Eastern District of Virginia, CHARLES KENISON HILL "Chucky", defendant herein, did unlawfully, knowingly and intentionally possess with intent to distribute 751.29 grams of cocaine, a Schedule II narcotic controlled substance.

(In violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2).

5

## COUNT FIVE

THE GRAND JURY FURTHER CHARGES THAT:

On or about December 10, 1998, at Norfolk, Virginia, in the Eastern District of Virginia, LEROY FELTON, a/k/a "JOE NELSON FELTON", defendant herein, did unlawfully, knowingly and intentionally possess with intent to distribute approximately 501.83 grams of a mixture and substance containing cocaine base, commonly known as "crack" cocaine, a Schedule II narcotic controlled substance.

(In violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2).

## COUNT SIX

THE GRAND JURY FURTHER CHARGES THAT:

On or about December 10, 1998, at Norfolk, Virginia, in the Eastern District of Virginia, CHARLES KENISON HILL, a/k/a "Chucky", defendant herein, did unlawfully, knowingly and intentionally possess with intent to distribute approximately 501.83 grams of a mixture and substance containing cocaine base, commonly known as "crack" cocaine, a Schedule II narcotic controlled substance.

(In violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2).

6

## COUNT SEVEN

THE GRAND JURY FURTHER CHARGES THAT:

On or about December 10, 1998, at Norfolk, Virginia, in the Eastern District of Virginia, LEROY FELTON, a/k/a "Joe Nelson Felton", defendant herein, did unlawfully, knowingly and intentionally distribute a quantity of a mixture and substance containing cocaine base, commonly known as "crack" cocaine, a Schedule II narcotic controlled substance.

(In violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2).

## FORFEITURE

THE GRAND JURY FURTHER CHARGES THAT:

A.  Defendant LEROY FELTON, if convicted of any of the violations for which they have been indicted as alleged in Count One (namely, Conspiracy to Distribute and Possess With Intent to Distribute Cocaine and Cocaine Base, Commonly Known as "Crack"), or Counts 3, 5, 6 (namely, Possession With Intent to Distribute and Distribution of Cocaine and Cocaine Base, Commonly Known as "Crack") shall forfeit to the United States:

1. any and all property constituting, or derived from, any proceeds the defendants obtained, directly or indirectly, as the result of such violation; and

2. any of the defendant's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

7

B.    The property subject to the foregoing includes, but is not limited to, the following:

    1.    1987 Nissan Station Wagon, VIN# JN1HU15PXHX063258;

    2.    1990 Mazda MVP Minivan, VIN# JM3LV5221L0206899; and

    3.    $8,319.00 in United States Currency.

(All in violation of Title 21, United States Code, Section 853.)

A TRUE BILL:

HELEN F. FAHEY
UNITED STATES ATTORNEY

By: _____
    Laura M. Everhart
    Assistant United States Attorney

A TRUE COPY, TESTE:
CLERK, U.S. DISTRICT COURT

BY _____
    DEPUTY CLERK

8

# UNITED STATES DISTRICT COURT
## Eastern District of Virginia

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE**<br>(For Offenses Committed On or After November 1, 1987)<br>Case Number:  2:99CR00066-002 |
| v. | |
| **CHARLES KENISON HILL**<br>a/k/a "Chucky" | <u>Rodolfo Cejas, II</u><br>Defendant's Attorney |

```
          FILED
        ┌──────────┐
        │ DEC 1 5 199_ │
        └──────────┘
    CLERK, U.S. DISTRICT COURT
          NORFOLK, VA
```

**THE DEFENDANT:**

[X]  pleaded guilty to count(s) __1_____

[  ]  pleaded nolo contendere to count(s) _____
     which (was) (were) accepted by the court.

[  ]  was found guilty on count(s) _____
     after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Numbers |
|---|---|---|---|
| T.21:846 | **Conspiracy to distribute and possess with intent to distribute cocaine and cocaine base, commonly known as "crack"** | 4-14-99 | 1 |

The defendant is sentenced as provided in pages 2 through __6__ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[  ]  The defendant has been found not guilty on count(s) _____

[X]  Count(s)  __remaining in indictment__  are dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

**December 14, 1999**
Date of Imposition of Judgment

_Jerome B. Friedman_ (signature)
Signature of Judicial Officer

**Jerome B. Friedman**
**United States District Judge**
Name & Title of Judicial Officer

__12/15/99__
Date

A TRUE COPY, TESTE
Norman H. Meyer Jr., Clerk
By _Sandra L. Lane_
Deputy Clerk

DEFENDANT:      CHARLES KENISON HILL                    Judgment - Page _2_ of _6_ Pages
CASE NUMBER:  2:99CR00066-002

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of  _ONE HUNDRED EIGHTY-EIGHT (188) MONTH(S)_ .


[X]    The court makes the following recommendations to the Bureau of Prisons:

Court recommends defendant be incarcerated at a facility as close to home residence as possible.

Court recommends defendant be incarcerated at a facility that has the best substance abuse program.

[X]    The defendant is remanded to the custody of the United States Marshal.

[ ]    The defendant shall surrender to the United States Marshal for this district.

    [ ]    at _____ a.m./p.m. on _____.
    [ ]    as notified by the United States Marshal.

[ ]    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.
    [ ]    before 2 p.m. on _____.
    [ ]    as notified by the United States Marshal.
    [ ]    as notified by the Probation or Pretrial Services Office.

cc:  P.O. (#) (2)
    Mshl (#) (#) ✓
    U.S. Atty.
    U.S. Coll.
    ob
    ~~Bur. of Prisons~~
    Def. counsel
    P.T.S.
    Financial
    Dist 1/6/99
    SD

**RETURN**

FEB - 7 2000

**I have executed this judgment as follows:**

_____
_____
    CLERK ...

Defendant delivered on ___1/18/00___ to _FCI Cumberland_
at _Cumberland, Md._, with a certified copy of this judgment.

_J. E. Gunja, Warden_

~~UNITED STATES MARSHAL~~

By_R. Roberts, UE_____

~~Deputy Marshal~~

15

AO 245 B (Rev. 5/93) Sheet 3 - Supervised Release  Document 2     Filed 11/20/2007     Page 26 of 28

DEFENDANT:        CHARLES KENISON HILL                    ● Judgment - Page _3_ of _6_ Pages
CASE NUMBER:  2:99CR00066-002

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of
FIVE (5) YEAR(S).

The defendant shall report to the probation office in the district to which the defendant is
released within 72 hours of release from the custody of the Bureau of Prisons.

While on supervised release, the defendant shall not commit another federal, state, or local
crime.

While on supervised release, the defendant shall not illegally possess a controlled substance.

While on supervised release, the defendant shall not possess a firearm or destructive device.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised
release that the defendant pay any such fine or restitution in accordance with the Schedule
of Payments set forth in the Financial Penalties  sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set
forth below).  The defendant shall also comply with the following additional conditions:

The defendant shall not incur new credit card charges or open additional lines of credit without the
approval of the probation officer.

The defendant shall provide the probation officer with access to requested financial information.

The defendant shall refrain from any unlawful use of a controlled substance and submit to one drug test
within 15 days of release on supervised release and at least two periodic drug tests thereafter, as
directed by the probation officer.

The defendant shall participate in a program approved by the Probation Office for substance abuse,
which program may include residential treatment and testing to determine whether the defendant has
reverted to the use of drugs or alcohol, with partial cost to be paid by the defendant, all as directed by
the probation officer.

The defendant shall participate in a mental health program as directed by the probation officer.

The defendant shall pay child support as directed by any court or competent jurisdiction or by any
division of Child Support Enforcement.

DEFENDANT:      CHARLES KENISON HILL                    Judgment - Page 4 of 6 Pages
CASE NUMBER:   2:99CR00066-002

## STANDARD CONDITIONS OF SUPERVISION

1)  the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)  the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)  the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)  the defendant shall support his or her dependents and meet other family responsibilities;

5)  the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)  the defendant shall notify the probation officer within 72 hours of any change in residence or employment;

7)  the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by physician;

8)  the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;

9)  the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: CHARLES KENISON HILL     Judgment - Page <u>6</u> of <u>6</u> Pages
CASE NUMBER: 2:99CR00066-002

## STATEMENT OF REASONS

[✓]    The court adopts the factual findings and guideline application in the presentence report.

**OR**

[ ]    The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary).

### Guideline Range Determined by the Court:

Total Offense Level: __55__

Criminal History Category: __III__

Imprisonment Range: __210__ to __265__ months

Supervised Release Range: _____ to __5__ years

Fine Range: $__20,000__ to $__4,000,000__

    [✓]    Fine waived or below the guideline range because of inability to pay.

Restitution: $_____

    [ ]    Full restitution is not ordered for the following reason(s):

[ ]    The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

**OR**

[ ]    The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):

**OR**

[✓]    The sentence departs from the guideline range.

    [ ]    upon motion of the government, as a result of defendant's substantial assistance.

    [✓]    for the following reason(s): agreed motion for downward departure for overstatement of criminal history pursuant to USSG §4A1.3